UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BENJAMIN ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00368-WTL-MJD |
| | ) | |
| C. A. PENFOLD, sued in individual capacity, | ) | |
| J. PELTIER, sued in individual capacity, | ) | |
| STANLEY KNIGHT, sued in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening and Dismissing Complaint
and Allowing Plaintiff to Show Cause**

Plaintiff Benjamin Adams commenced this 42 U.S.C. § 1983 action on August 2, 2017. He has since sought and received *in forma pauperis* status and paid the initial partial filing fee. As an Indiana prisoner, Adam's complaint is now subject to the screening requirements of 28 U.S.C. § 1915A.

**I. Screening Standard**

Section 1915A of Title 28, United States Code, directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2));

*see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Plaintiff's Complaint

Adams sues C.A. Penfold, an Administrative Assistant at the Plainfield Correctional Facility (PCF), J. Peltier, a Disciplinary Hearing Officer at PCF, and Stanley Knight, the Superintendent of PCF. Penfold and Peltier are sued in their individual capacities, and Knight is sued in his official capacity. Adams asserts claims of (1) the denial of equal protection in violation of the Fourteenth Amendment, and (2) denial of procedural due process in violation of the Fourteenth Amendment. He seeks monetary damages and injunctive relief.

Adams asserts that in late 2016, PCF Investigator P. Prulhiere conducted an investigation into packages that had been thrown over a facility fence. As a part of that investigation, on December 12, 2016, Adams, then incarcerated at PCF, was charged in a prison disciplinary action with an A100 offense under the prison's conduct code, which is the violation of any state or federal law. The violation was dealing in a synthetic drug, which is what Prulhiere found in the thrown packages. The prison disciplinary action case number is IYC-16-11-0176.

After being informed of the charge against him, and reviewing a video surveillance report, Adams requested four witnesses to present evidence at his disciplinary hearing. He asserts that at his December 29, 2016, disciplinary hearing, defendant Peltier refused to hear any of Adams' witnesses "and told [him] to appeal it." Complaint, dkt. 1, ¶ 17. Adams complaints Peltier's actions denied him due process of law.

Next, Adams asserts that Prulhier's investigation was completed on November 22, 2016, but he was not charged with an offense following the investigation until December 12, 2016. Defendant Penfold, who handles disciplinary appeals, has in the past consistently dismissed disciplinary actions that were not brought within seven days of the investigation's completion. He cites numerous cases in which Penfold has dismissed disciplinary actions for this reason, which Adams asserts is required by prison policy. Penfold did not dismiss Adams' disciplinary case, however, despite a twenty-one day delay, and this is according to Adams a violation of his right to equal protection of law.

When his administrative appeals were denied, Adams filed a habeas corpus action in this Court challenging the disciplinary conviction and sanction. *Adams v. Superintendent*, Case No. 1:17-cv-01534-WTL-TAB (S.D. Ind.). The habeas action presents essentially the same claims presented in the instant action. While the habeas action was pending, prison officials revisited Adams' administrative appeal and vacated the conviction and sanctions. *Id.*, dkt. 13-2 (July 26, 2017 letter from appeal review officer to Adams stating that sanctions have been vacated and case designated for rehearing). In this action, filed seven days after the administrative rehearing decision, Adams seeks injunctive relief against defendant Knight to dismiss disciplinary action IYC-16-11-0176 and expunge his trafficking conviction. He also seeks injunctive relief to stop the rehearing because PCF has not "complied with [an] order to vacate [the] sanctions" in the case.

### III. Analysis

Adams seeks monetary damages and injunctive relief for the procedural irregularities he asserts occurred during his prison disciplinary action. That action, IYC-16-11-0176, has been vacated and is set for rehearing, and any procedurals violation have been cured. But even so, such violations – while they might warrant habeas corpus relief – are not actionable civil rights claims.

There is no due process violation present. A failure to follow prison policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). If a prison official ignores, mishandles, or denies a prisoner's grievance, but did not cause or otherwise participate in the underlying conduct, that does not state a claim under section 1983. *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).

There is no equal protection violation present because Adams not assert that he is a member of a protected class and does not assert that the screening delay he alleges was because of discrimination on the basis of that class. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983). Adams does not allege that he was treated differently because of his membership in a particular class and therefore he does not allege a viable equal protection claim.

The complaint is dismissed against defendants Penfold and Peltier.

Adams asks the Court to issue an injunction requiring Superintendent Knight to dismiss IYC-16-11-0176 and expunge the trafficking conviction. This requested relief is a habeas corpus remedy, not a civil rights remedy. The complaint is dismissed against Superintendent Knight.

The Court has found no viable claim in Adams' complaint. Accordingly, the complaint is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

### IV. Opportunity to Show Cause

The Court has found no viable claim in Adams' complaint. Adams shall have **through October 13, 2017, to show cause** why this action should not be dismissed and judgment entered for defendants. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED**.

Date: 9/15/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Benjamin Adams
993788
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838